UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DARWYN LEE PAYNE, a/k/a Darwin
Lee Payne,

*Defendant-Appellant.*

No. 00-4747

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-00-172-A)

Submitted: December 20, 2001

Decided: January 14, 2002

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Christopher B. Amolsch, Alexandria, Virginia, for Appellant. Paul J.
McNulty, United States Attorney, Mark A. Grider, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Darwyn Lee Payne was convicted on one count each of possession of less than five grams of crack cocaine, possession of five grams or more of crack cocaine, and possession of marijuana, all in violation of 21 U.S.C.A. § 844 (West 1999). The district court sentenced him to sixty-three months in prison. Darwyn appeals, challenging the constitutionality of § 844, the propriety of the stop of his vehicle, and the scope of the ensuing search of his car. We find his claims to be meritless; consequently, we affirm.

On April 14, 2000, Officer Nancy Leggieri of the United States Park Police was patrolling the George Washington Memorial Parkway when she noticed that the driver of a blue Chevrolet Corsica was not wearing a seatbelt. She began to follow him and turned on her emergency lights to signal her intention to pull him over. The driver, later identified as Darwyn Lee Payne, failed to stop so she sounded her police siren. Payne eventually stopped approximately three-quarters of a mile from the spot where the officer first activated her emergency lights.

When Leggieri approached the car and told Payne that she saw that he had not been wearing his seatbelt, he answered, "I don't know what you're talking about." She asked for his driver's license and registration, but he was only able to produce his license. Leggieri then asked Payne to exit his car. At first he refused and appeared increasingly nervous. Finally, Payne got out of the vehicle. However, he continued to behave belligerently, refusing the officer's directives until they were repeated several times, and he continued to appear nervous, peering inside the car and trying to edge closer to it. Once a back up officer arrived, Leggieri noticed the neck of a bottle sticking out from under the driver's seat of Payne's car. The seal on the cap had been broken. Payne told Leggieri that the bottle contained Hennessy cognac. The officer retrieved the bottle and emptied the small amount of brown liquid remaining in the bottle, noting the odor of alcohol.

Leggieri then looked in the console area where she had observed Payne reaching before he stopped his car. Inside the lidless console,

she found a clear plastic baggie containing crack. A narcotics canine unit was called to the scene and the dog alerted to the trunk where marijuana and crack were discovered.

A grand jury indicted Payne on one count of possession with intent to distribute crack, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001) (Count 1), one count of possession with intent to distribute five grams or more of crack, in violation of 21 U.S.C.A. § 841 (Count 2), and one count of possession of marijuana, in violation of 21 U.S.C.A. § 844(a) (Count 3). Payne filed an unsuccessful motion to suppress the drugs seized from his car. The jury convicted Payne on Count 3 and on the lesser included offenses of possession of crack in Counts 1 and 2, all in violation of 21 U.S.C.A. § 844. The court sentenced him to sixty-three months in prison and Payne timely appealed.

Payne first argues that 21 U.S.C.A. § 844 is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). We find that this argument is foreclosed for the reasons set forth in *United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001).

Next, Payne argues that the initial traffic stop was illegal under Virginia law. The parties agree that traffic on the George Washington Memorial Parkway is governed by the Code of Federal Regulations. Under 36 C.F.R. § 4.2(a) (2001), "[u]nless specifically addressed by regulations in this chapter, traffic and the use of vehicles within the park area are governed by State law." The federal regulations expressly require all occupants of motor vehicles to wear seatbelts when the vehicle is in motion. 36 C.F.R. § 4.15. Payne argues that, under Va. Code Ann. § 46.2-1094(F) (Michie 1998), police officers may not stop a car solely for violation of the state's seatbelt law and that, because the federal regulations do not expressly address this issue, state law applies and Officer Leggieri lacked the authority to stop Payne's car solely on the basis of his failure to wear his seatbelt. Payne is mistaken. In promulgating 36 C.F.R. § 4.15, the National Park Service ("NPS") expressly stated that this rule does "not require another traffic violation to occur before the vehicle may be stopped." Safety Belt Use Within the NPS System, 62 Fed. Reg. 61631, 61631 (Nov. 19, 1997) (final rule codified at 36 C.F.R. § 4.15 effective Dec. 19, 1997). *Cf. United States v. Knott*, 722 F. Supp 1365, 1369 (E.D.

Va. 1989) (where Code of Federal Regulations specifically addressed violation and punishment for that violation, magistrate judge could not look to state law to impose different penalty).

Finally, Payne argues that, even if the initial traffic stop was permissible, the ensuing search of the car that revealed the narcotics exceeded the scope of a legitimate search. Payne concedes that there was probable cause to search for alcohol, and we find that the search conducted did not exceed the scope of the search for alcohol. *See California v. Acevedo*, 500 U.S. 565, 580 (1991) (discussing standard for warrantless automobile search). Accordingly, we need not address the alternative grounds cited by the district court to justify the search.

For these reasons, we affirm Payne's sentence and conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*