Filed: November 20, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 00-4423
(CR-99-167)

United States of America,

Plaintiff - Appellee,

versus

Keith Andre McAllister,

Defendant - Appellant.

O R D E R

The court amends its opinion filed November 8, 2001, as follows:

On the cover sheet, section 2, and on page 2, first line of text: Appellant's name is corrected to read "Keith Andre McAllister."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

PUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 00-4423

KEITH ANDRE MCALLISTER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-99-167)

Argued: September 27, 2001

Decided: November 8, 2001

Before WILKINS and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by published opinion.
Judge Wilkins wrote the opinion, in which Judge Williams and Senior
Judge Hamilton joined.

_____

COUNSEL

ARGUED: Melisa White Gay, Mt. Pleasant, South Carolina, for
Appellant. Alfred William Walker Bethea, Assistant United States
Attorney, Florence, South Carolina, for Appellee. ON BRIEF: Scott
N. Schools, United States Attorney, Florence, South Carolina, for
Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

Keith Andre McAllister appeals his conviction and sentence for possession with the intent to distribute cocaine, see 21 U.S.C.A. § 841 (West 1999 & Supp. 2001), arguing primarily that § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the district court erred in enhancing his sentencing guidelines offense level for possession of a dangerous weapon in connection with a narcotics offense, see United States Sentencing Guidelines Manual § 2D1.1(b)(1) (1998). Although we reject McAllister's constitutional challenge, we conclude that the district court erred in applying the enhancement. Accordingly, we vacate McAllister's sentence and remand for resentencing.

I.

McAllister pled guilty pursuant to a written plea agreement to one count of possession with the intent to distribute cocaine. The indictment did not allege that McAllister was responsible for any particular quantity of cocaine, but the plea agreement stipulated that McAllister was responsible for between five and 15 kilograms. The district court found McAllister's total offense level to be 31, including a two-point enhancement for possession of a dangerous weapon in connection with a narcotics offense, and sentenced McAllister to 135 months imprisonment.

II.

McAllister makes several challenges to his conviction and sentence based on Apprendi, only one of which is worthy of discussion, namely McAllister's contention that his conviction and sentence must be set aside because 21 U.S.C.A. § 841 is facially unconstitutional.[1] Because McAllister raises this issue for the first time on appeal, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v.

_____

[1] We reject McAllister's other Apprendi arguments without further comment.

2

Olano, 507 U.S. 725, 731-32 (1993). In order to demonstrate plain error, McAllister must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Jackson, 124 F.3d 607, 614 (4th Cir. 1997). Even if McAllister can satisfy these requirements, correction of the error remains within our discretion, which we "should not exercise . . . unless the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732 (second alteration in original) (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

Before turning to whether McAllister can satisfy the requirements of plain error analysis, we pause to reiterate the relevant conclusions reached in Apprendi and in United States v. Promise, 255 F.3d 150 (4th Cir. 2001) (en banc). Charles Apprendi pled guilty to an offense carrying a maximum sentence of 10 years under New Jersey law.[2] See id. at 469-70. However, based on its determination by a preponderance of the evidence that Apprendi had acted with a racially biased purpose, the sentencing court imposed an extended term of imprisonment of 12 years. See id. at 471. Apprendi argued to the Supreme Court that the imposition of a penalty greater than the statutory maximum for the offense of conviction based upon a finding by the court by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, violated his due process rights. The Court agreed and adopted the following constitutional rule: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Applying this rule to the New Jersey statutory scheme, the Court observed that it was immaterial whether racial bias was formally labeled a "sentencing factor" by the New Jersey legislature. See id. at 494. Because there was a difference "between what Apprendi would have received without the finding of biased purpose and what he could receive with it," and because race bias was not found by a jury beyond a reasonable doubt, the Court concluded that Apprendi's constitutional rights had been violated. Id. at 495; see id. at 497.

_____

**2** Apprendi also pled guilty to two other offenses not relevant here. See Apprendi, 530 U.S. at 469-70.

3

In Promise, we addressed two claims that 21 U.S.C.A. § 841, as applied to the defendant, violated the rule announced in Apprendi. The first portion of § 841, subsection (a), prohibits, inter alia, possession of controlled substances with the intent to distribute them. See 21 U.S.C.A. § 841(a)(1). Subsection (b)(1) sets forth various penalties that vary according to, inter alia, the quantity of the particular controlled substance at issue. See id. § 841(b)(1). Although no legislative history speaks to the question, we have previously held that Congress intended these "specific threshold drug quantities" to be sentencing factors rather than elements of "aggravated drug trafficking offenses."[3] See, e.g., United States v. Dorlouis, 107 F.3d 248, 252 (4th Cir. 1997). These factors determine the maximum penalty that may be imposed on a particular defendant; for example, an individual who possesses with the intent to distribute an identifiable but unspecified quantity of cocaine is subject to a term of imprisonment of no more than 20 years (if no other aggravating circumstance is present). See 21 U.S.C.A. § 841(b)(1)(C). A sentence exceeding 20 years may be imposed, however, upon an additional finding that the offense involved, for example, five kilograms or more of cocaine. See 21 U.S.C.A. § 841(b)(1)(A)(ii).

Promise argued that because a specific threshold drug quantity had neither been charged in his indictment nor proven to the jury beyond a reasonable doubt, his conviction and sentence were unconstitutional in light of Apprendi. He argued that his conviction was unconstitutional because Apprendi mandated that drug quantity was an element of his offense of conviction; he claimed that his sentence was unconstitutional because he received a term of imprisonment greater than that which he could have received without a finding of the threshold drug quantity. We rejected the first argument, holding that Promise's conviction was valid because it was not based on any facts not charged in the indictment and found by the jury beyond a reasonable doubt. See Promise, 255 F.3d at 160. We accepted the second argument, however, holding that, under Apprendi, a defendant may not

_____

[3] "Specific threshold drug quantities" are the quantities set forth in § 841, a finding of which subjects a defendant to a sentence of ten years to life imprisonment (§ 841(b)(1)(A)) or five to 40 years imprisonment (§ 841(b)(1)(B)). An "aggravated drug trafficking offense" is one that involves a specific threshold drug quantity as an element.

4

receive a sentence exceeding 20 years based on drug quantity unless the specific threshold drug quantity is charged in the indictment and proven to the jury beyond a reasonable doubt.**4** See id. at 156-57.

McAllister raises an argument here that is related to those made in Promise: He contends that § 841 is facially unconstitutional in light of Apprendi because § 841 requires that drug quantity findings be made by a sentencing judge rather than a jury. McAllister is mistaken concerning what § 841 requires. Section 841 simply defines a crime and assigns penalty ranges depending upon particular characteristics of the crime. See United States v. Brough, 243 F.3d 1078, 1079 (7th Cir. 2001), cert. denied, 70 U.S.L.W. 3076 (U.S. Oct. 1, 2001) (No. 01-89). Nothing in the statute purports to prescribe a process by which the elements of the crime and other relevant facts must be determined. See United States v. Cernobyl, 255 F.3d 1215, 1219 (10th Cir. 2001); Brough, 243 F.3d at 1079. Accordingly, nothing in § 841 conflicts with the Apprendi rule, which governs that process only. We therefore reject McAllister's argument and join the Fifth, Sixth, Seventh, and Tenth Circuits in holding that § 841 is not facially unconstitutional. See Cernobyl, 255 F.3d at 1219; United States v. Martinez, 253 F.3d 251, 256 n.6 (6th Cir. 2001); Brough, 243 F.3d at 1079-80; United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 2015 (2001).

We note that one court of appeals has held that Apprendi renders § 841 facially unconstitutional. See United States v. Buckland, 259 F.3d 1157, 1163-68 (9th Cir. 2001), reh'g en banc granted, 2001 WL 1091167 (Sept. 14, 2001). But see Buckland, 259 F.3d at 1169 (Duplantier, J., dissenting). In Buckland, the majority noted circuit precedent holding that Congress plainly intended that drug quantity would be a sentencing factor rather than an element of the offense defined in § 841. See id. at 1163 (citing United States v. Nordby, 225 F.3d 1053, 1058 (9th Cir. 2000)). Based on this case law, the majority concluded that § 841 "permit[s]" the sentencing judge to make a finding as to specific threshold drug quantity that increases the maximum sentence beyond what could be imposed in the absence of such a find-

_____

**4** A plurality of the court declined to notice the sentencing error on plain error review for reasons not relevant here. See id. at 161-64 (Wilkins, J.).

5

ing. Id. at 1165. The majority concluded that § 841 is therefore inconsistent with the rule announced in Apprendi. See id.

The flaw in this reasoning, in our view, is that it fails to recognize the difference between permitting the sentencing judge to determine drug quantity--by remaining silent regarding what process should be employed to determine drug quantity--and requiring that drug quantity be determined by the sentencing judge. Section 841, of course, is silent regarding all questions of how facts will be determined, including even the question of whether the elements of the § 841 offense must be alleged in an indictment and proven to the jury beyond a reasonable doubt. But that does not mean that the statute is inconsistent with the constitutional requirement that elements be alleged in an indictment and proven to the jury beyond a reasonable doubt. Similarly, the mere fact that the statute is silent regarding whether sentencing factors must be treated as elements in order for those factors to increase the defendant's statutory maximum sentence does not make the statute inconsistent with the constitutional requirement that those factors receive that treatment. We therefore decline to adopt the Ninth Circuit's analysis.

III.

McAllister also contends that the district court erred in enhancing his offense level for possession of a firearm during a drug felony because no reliable evidence supported application of the enhancement. The sole evidence upon which the district court based the enhancement was contained in a Drug Enforcement Administration (DEA) investigation report concerning information provided by Michael Blount. According to the report, Blount, who was incarcerated at the time of the interview, stated that McAllister purchased drugs from him during 1991 and 1992 and that Blount saw McAllister with handguns "on many occasions." DEA Form 6 at 2. Blount was not present at the sentencing hearing, nor was the DEA agent to whom Blount spoke. The report was admitted into evidence and portions of it were read into the record by another DEA agent who was neither involved in this investigation nor present when Blount made this statement.**5** Although the district court credited Blount's state-

_____

**5** The same DEA agent also testified that another DEA investigation report contained a statement from McAllister's girlfriend that she once

6

ment, the court recognized that Blount did not state whether the handguns were "possessed in connection with a drug trafficking offense." J.A. 148. Nevertheless, the court applied the enhancement, concluding that "there's no indication that it was improbable that those guns would be used for drug related offenses." Id.

Section 2D1.1(b)(1) allows for a two-level increase in a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Under relevant conduct principles, the enhancement applies when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Ortega, 94 F.3d 764, 767 (2d Cir. 1996) (internal quotation marks omitted). Application Note 3 of the Commentary to § 2D1.1 states that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment. (n.3). In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997); United States v. Apple, 962 F.2d 335, 338 (4th Cir. 1992). We review findings of fact relating to sentencing enhancements for clear error. See Harris, 128 F.3d at 852.

Here, the Government failed to present sufficient evidence from which it could be reasonably concluded that McAllister possessed a dangerous weapon during any illegal drug activity. Blount's statement makes only two assertions regarding McAllister, that McAllister was a narcotics customer of Blount's, and that Blount saw McAllister with handguns many times. The statement does not reveal whether Blount saw McAllister when the two were conducting drug transactions, nor does it indicate whether he saw McAllister on other occasions. There-

_____

saw McAllister with a handgun. The district court did not base the enhancement on that statement, however, because the court concluded that the Government failed to establish a connection between the weapon allegedly seen by the girlfriend and any illegal drug activity.

7

fore, as the district court recognized, the report does not assert that Blount ever saw McAllister with a handgun during a narcotics transaction. Without a description by Blount of the circumstances under which he saw McAllister possess handguns, the district court could only speculate regarding whether Blount ever observed McAllister in possession of a handgun during a drug transaction. Accordingly, we conclude that the district court clearly erred in applying the enhancement.

IV.

For the foregoing reasons, we hold that <u>Apprendi</u> does not render § 841 facially unconstitutional and we therefore affirm McAllister's conviction; however, we conclude that the district court erred in applying the § 2D1.1(b)(1) enhancement, and we therefore vacate McAllister's sentence and remand for resentencing.

<u>AFFIRMED IN PART, VACATED IN PART, AND REMANDED</u>

8