UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

MELDON IRVIN WASHINGTON,
    *Defendant-Appellant.*

No. 01-4278

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-287)

Submitted: November 29, 2001

Decided: December 18, 2001

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

John C. Jones, Jr., LAW OFFICES OF JOHN C. JONES, JR., Providence Forge, Virginia, for Appellant. Paul J. McNulty, United States Attorney, John S. Davis, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Meldon Irvin Washington was convicted by a jury of conspiracy to knowingly possess with intent to distribute fifty grams or more of crack cocaine, 21 U.S.C.A. § 846 (West 1999), and possession with intent to distribute fifty grams or more of crack cocaine, 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). He was sentenced to 360 months imprisonment on each count, to be served concurrently. Washington, through counsel, contends the district erred in its admission of prior act evidence pursuant to Fed. R. Evid. 404(b). He also contends that the use of relevant conduct in the computation of his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no error, we affirm.

We review a challenge to the admissibility of evidence under Rule 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 993 (4th Cir. 1997). This court has articulated a four prong test to determine the admissibility of prior act evidence. *Queen*, 132 F.3d at 995. The evidence must be: (1) relevant to an issue other than character; (2) necessary to prove an element of the crime charged; (3) reliable; and (4) in compliance with Fed. R. Evid. 403, its probative value must not be substantially outweighed by its prejudicial nature. *Id.* We have reviewed the district court's application of the *Queen* factors to the evidence proffered by the Government and find no abuse of discretion. We also note that the district court adhered to the two administrative protections suggested in *Queen*, 132 F.3d at 997. Washington received specific notice of the Rule 404(b) evidence weeks before the trial and the court gave limiting instructions during the testimony regarding prior acts.

Washington contends that the sentencing court violated *Apprendi* because it applied a four level increase in his sentencing guidelines offense level for relevant conduct, specifically the quantity of drugs attributed to him from prior transactions. He further challenges under *Apprendi* an enhancement for possession of a weapon during a prior drug transaction. These arguments are foreclosed by our decision in *United States v. Kinter*, 235 F.3d 192, 199 (4th Cir. 2000). While Washington urges us to reconsider its holding in *Kinter*, one panel

may not overrule the decision of another panel. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

For the first time on appeal, Washington challenges the factual findings that support the sentencing increase and enhancement. "A defendant's failure to object to a sentencing issue amounts to a waiver of his right to raise that issue on appeal, absent plain error." *United States v. Ford*, 88 F.3d 1350 (4th Cir. 1996). Our review reveals no error in the presentence calculation of the drugs attributable to Washington as relevant conduct or in the court's application of the firearm enhancement.

Finally, Washington has moved to file a pro se supplemental brief; we grant the motion. Washington contends that: (1) the search of his co-defendant's hotel room violated Washington's Fourth Amendment rights; (2) one statute he was convicted of violating, 21 U.S.C.A. § 841, is unconstitutional; (3) he was involved in a simple "buyer-seller" relationship, not a conspiracy; and (4) his indictment for separate charges of conspiracy and the underlying drug count was multiplicitous. However, these claims are meritless. *See Rakas v. Illinois*, 439 U.S. 128, 143 & n.12 (1978) (holding that a defendant has standing to raise a Fourth Amendment challenge only if he personally has a legitimate expectation of privacy in the property search); *United States v. McAllister*, ___ F.3d ___, 2001 WL 1387341 (4th Cir. Nov. 8, 2001) (No. 00-4423) (rejecting challenge to constitutionality of § 841); *United States v. Mills*, 995 F.2d 480, 484-85 (4th Cir. 1993) (discussing distinction between conspiracy and buyer-seller relationship); *United States v. Love*, 767 F.2d 1052, 1062 (4th Cir. 1985) (finding that indictment for conspiracy and underlying drug offense was not multiplicitous).

We affirm Washington's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*