UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

LEWIS THOMAS CORNELL,
          *Defendant-Appellant.*

No. 01-4250

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-204)

Submitted: December 11, 2001

Decided: December 26, 2001

Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael W. Patrick, Chapel Hill, North Carolina, for Appellant. Benjamin H. White, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lewis Cornell appeals his jury conviction for one count of conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999), and his resulting 360-month sentence. Finding no merit to Cornell's claims, we affirm his conviction and sentence.

Cornell contends the district court erred by denying his motion to suppress wiretap evidence because the Government's application and accompanying affidavit did not contain sufficient facts to satisfy 18 U.S.C. § 2518(1)(c) (1994) and to support the district court's finding of necessity under § 2518(3)(c). Under § 2518(1)(c), a wiretap application must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." The burden upon the government "to show the inadequacy of normal investigative techniques is not great, and the adequacy of such a showing is 'to be tested in a practical and common sense fashion.'" *United States v. Smith*, 31 F.3d 1294, 1297 (4th Cir. 1994) (quoting *United States v. Clerkley*, 556 F.2d 709, 714 (4th Cir. 1977)).

The affidavits in support of the application presented extensive detail regarding various investigative techniques that had been tried, and the reason for their failure, and those that were not possible in light of the investigative goals. These included: use of informants, material from prior search warrants and other investigative data, physical surveillance, toll record and pen register analysis, use of the grand jury, undercover investigation, and other subscriber information. The affidavit explained that through these procedures, law enforcement authorities had been able to gather a limited amount of evidence concerning the organization but could not determine the identities of other co-conspirators and sources.

The affidavit also explained that such techniques as introducing undercover agents, employing physical surveillance, and search warrants would not be successful in disclosing the nature of the conspir-

acy and those involved. Because the application and affidavit provided specific factual information as to how certain investigative methods had been employed with limited success and how others were unlikely to succeed, we find the Government provided sufficient facts from which the issuing court could reasonably have concluded a wiretap was necessary. Thus, we find the district court did not err in denying Cornell's motion to suppress.

Cornell raises two claims based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). First, he argues his conviction must be overturned because 21 U.S.C. §§ 841, 846 are unconstitutional in light of *Apprendi*. We find this argument meritless. *See United States v. McAllister*, ___ F.3d ___, 2001 WL 1387341 (4th Cir. Nov. 8, 2001) (No. 00-4423).

Cornell also argues that because mens rea is an element of the offense under § 841(a), it also extends to all elements of the offense, including drug quantity. Thus, Cornell argues the district court erred because the jury was not instructed to convict him only if it found he intended to distribute a specific quantity of crack. Because this issue was not raised at trial, it is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993).

We find Cornell's argument meritless. The § 841(b) sentencing provisions only require the government to prove the offense involved a particular type and quantity of controlled substance. The indictment charged Cornell with conspiracy to distribute in excess of fifty grams of cocaine base. The district court specifically instructed the jury to find whether the conspiracy involved the intention to distribute more than fifty grams of cocaine base, and the jury specifically found the conspiracy involved more than fifty grams of cocaine base. This procedure fully complied with the mandate of *Apprendi*. The scope of Cornell's agreement in the conspiracy is merely a sentencing factor, *see* USSG § 1B1.3, which does not increase the statutory maximum sentence. Therefore, it is not required to be charged in the indictment and proven beyond a reasonable doubt. *United States v. Promise*, 255 F.3d 150, 157 n.5 (4th Cir. 2001) (en banc), *petition for cert. filed*, Sept. 20, 2001 (No. 01-6398). Because the record demonstrates drug quantity was charged in the indictment and determined by a jury

beyond a reasonable doubt, the district court did not commit plain error.

We therefore affirm Cornell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*