UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.

No. 01-4043

FREDERICK LAMAR CIVERS,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-66-V)

Submitted: December 18, 2001

Decided: January 10, 2002

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

E. Fitzgerald Parnell, III, POYNER & SPRUILL, L.L.P., Charlotte,
North Carolina, for Appellant. Robert J. Conrad, Jr., United States
Attorney, Brian L. Whisler, Assistant United States Attorney, Char-
lotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Frederick Lamar Civers appeals his conviction and 135-month sentence after pleading guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Prior to entering into a written plea agreement, Civers filed a motion to suppress 28.2 grams of crack cocaine seized from his person and 177 grams of crack cocaine seized from the vehicle during a traffic stop, which the district court denied. Civers argues: (1) the district court committed error by denying his motion to suppress the evidence;* (2) that 21 U.S.C. § 841 is unconstitutional in the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (3) the district court erred in sentencing him to a five-year term of supervised release. We affirm.

We review a district court's factual findings underlying its denial of a motion to suppress for clear error, while reviewing its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). In addition, in reviewing the denial of a motion to suppress, we review the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Under these standards, we conclude the district court properly denied Civers' motion to suppress evidence discovered in the course of a traffic stop and consensual search of his vehicle.

Next, Civers asserts § 841 is unconstitutional in the wake of *Apprendi*. This court recently held *Apprendi* does not render § 841 facially unconstitutional. *United States v. McAllister*, No. 00-4423, 2001 WL 1387341, at *3 (4th Cir. Nov. 8, 2001). Therefore, this issue lacks merit.

Finally, Civers asserts the district court erred in sentencing him to a five-year term of supervised release. Civers argues he was sentenced as if he had been convicted of an aggravated drug-trafficking offense under § 841(b)(1)(A), which carries a minimum supervised

---

*The plea agreement contains a conditional waiver of appeal that specifically permits Civers to seek appellate review of the district court's adverse ruling upon his motion to suppress.

release term of five years. According to Civers, he should have been sentenced under § 841(b)(1)(C) and received a term of supervised release no longer than three years. We find this claim meritless. *See United States v. Pratt*, 239 F.3d 640, 647 n.4 (4th Cir. 2001).

For these reasons, we affirm Civers' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid in the decisional process.

*AFFIRMED*