UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 01-4166

LORENZO GRODE MARTIN,
           *Defendant-Appellant.*


UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 01-4185

JOSET V. PROSPER,
           *Defendant-Appellant.*


Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-00-226)

Submitted: January 28, 2002

Decided: February 21, 2002

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Mark J. Petrovich, MARTIN, ARIF, PETROVICH & WALSH, Springfield, Virginia; Jeffrey D. Zimmerman, Alexandria, Virginia,

for Appellants. Paul J. McNulty, United States Attorney, W. Neil Hammerstrom, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following a jury trial, Lorenzo Grode Martin and Joset V. Prosper were each found guilty of conspiracy to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C.A. §§ 841, 846 (West 1999 & Supp. 2001), and Martin was found guilty of aiding and abetting the possession with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C.A. § 841 and 18 U.S.C. § 2 (1994). The court sentenced Martin to life in prison and sentenced Prosper to a 262-month prison term. Martin and Prosper timely appealed, raising numerous grounds of error.

Appellants' first claim on appeal that the district court improperly permitted lay witnesses Bernard Stanley and Jan Pinkney to testify about the identity of the substances with which Martin and Prosper were dealing. Under Rule 602 of the Federal Rules of Evidence, "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." In this case, testimony was elicited from both Stanley and Pinkney concerning their knowledge and familiarity with crack and cocaine. We find that the district court did not exceed its discretion in allowing the testimony. *See Myrtle Beach Air Force Base Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 681 F.2d 930, 932 (4th Cir. 1982) (evidence inadmissible under Rule 602 only where witness could not have perceived or observed that about which he testifies).

Next, Appellants contend that the trial court's questioning of witnesses throughout the trial favored the government and deprived them

of a fair trial. Having reviewed the trial transcript, we find that the court's questions were impartial and were asked for the purpose of clarifying the testimony and developing the facts, *United States v. Parodi*, 703 F.2d 768, 775 (4th Cir. 1983), and at no point did the judge appear to usurp the role of either the prosecutor or defense counsel. *United States v. Godwin*, 272 F.3d 659, 665 (4th Cir. 2001).

Appellants assert that the federal statutes proscribing drug offenses have been rendered unconstitutional after *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). They also argue that *Apprendi* should apply to invalidate the trial court's application of the United States Sentencing Guidelines. These arguments are both foreclosed by our recent case law. In *United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001), we held that 21 U.S.C.A. § 841 (West 1999 & Supp. 2001) is not unconstitutional in light of *Apprendi*. Further, we held in *United States v. Kinter*, 235 F.3d 192, 201 (2000), *cert. denied*, 121 S. Ct. 1393 (2001), that *Apprendi* does not apply to judicial factfinding under the Guidelines as long as the sentence does not exceed the statutory maximum term set out in the statute. The jury found both Martin and Prosper guilty of conspiracy to distribute fifty grams or more of crack cocaine, for which the statutory maximum sentence is life in prison. 21 U.S.C.A. § 841(b)(1)(A)(iii). Thus, Martin's life sentence and Prosper's 262-month sentence do not implicate the concerns raised in *Apprendi*. For the same reason, the district court's determination that Martin's base offense level was 38, based on its finding that Martin conspired to distribute 1.5 kilograms or more of cocaine base, does not violate *Apprendi*.

Prosper argues that she should have received a reduction in her offense level for being a "minor participant" as defined by *U.S. Sentencing Guidelines Manual* § 3B1.2 (2000). Whether Prosper was entitled to such an adjustment depends on whether her conduct was material or essential to the commission of the crime. *United States v. Palinkas*, 938 F.2d 456, 460 (4th Cir. 1991). Although Prosper did not become involved in the conspiracy until years after its inception, she played a significant role. She introduced two other co-conspirators to drug suppliers in Florida capable of supplying large quantities of cocaine. She then transported that cocaine back to Virginia and made her home and the equipment in her home available for converting the cocaine powder into crack. We find that the district court did not

commit clear error by concluding that Prosper was not entitled to a mitigating role adjustment. *United States v. Williams*, 253 F.3d 789, 791-92 (4th Cir. 2001).

Martin raises numerous challenges to his life sentence. At the outset, we reject Martin's claim that his sentence was based on the testimony of Bernard Stanley who Martin contends was not a credible witness. Credibility is the sole province of the fact finder and generally is not susceptible to review. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Martin argues that the district court erred by assessing a three-level aggravating role enhancement pursuant to USSG § 3B1.1(b). Under this provision, a court may increase a defendant's base offense level by three levels if he was a manager or supervisor of criminal activity involving five or more persons or was otherwise extensive. The conspiracy in this case involved at least five individuals and, during at least one point of the conspiracy, Martin provided drugs for at least one participant to sell and paid that participant a salary. We find that the district court did not clearly err by increasing Martin's offense level by three levels under § 3B1.1(b). *United States v. Smith*, 914 F.2d 565, 569 (4th Cir. 1990).

The district court applied a two-level enhancement under USSG § 2D1.1(b)(1) for possession of a firearm during Martin's drug trafficking activities. Martin objects to this enhancement. One of the co-conspirators testified that Martin carried weapons and used them in connection with his drug trafficking activities. Police found in Martin's Volvo that was parked in front of his home bullets matching those seized from another car belonging to him. We find that the district court did not err by applying this two-level enhancement. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990).

Concluding that, when Stanley was a minor, Martin had used him to further the conspiracy, the court enhanced Martin's offense level by two levels under USSG § 3B1.4. This provision provides for a two-offense level increase if a defendant used a minor to commit the offense. Stanley testified that, when he was a minor, Martin paid him a salary to sell drugs that Martin supplied. We find that the district

court's imposition of a two-level upward adjustment for use of a minor was not clearly erroneous.

In calculating Martin's criminal history category, points were assessed based upon two prior convictions and a finding that Martin committed the instant offense while under a two-year term of probation in the District of Columbia for a 1988 offense. Martin now argues that he should not have been assessed any criminal history points for having committed the instant offense during the time he was on probation. Under USSG § 4A1.1(d), two criminal history points are added "if the defendant committed the instant offense while under any criminal justice sentence, including probation." Martin was on probation from September 1988 to June 1990. Evidence presented at trial showed that Martin paid Stanley to sell crack on a daily basis during this time. The two point assessment was appropriate.

Finally, Martin contends that his sentence of life imprisonment violates the Eighth Amendment's prohibition against cruel and unusual punishment. We find this claim to be meritless. *See Harmelin v. Michigan*, 501 U.S. 957 (1991).

For these reasons, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*