UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4918

NORTIRA PETITFRERE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Senior District Judge.
(CR-99-369)

Submitted: May 23, 2002

Decided: June 21, 2002

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Lionel S. Lofton, LOFTON & LOFTON, P.C., Charleston, South
Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attor-
ney, Sean Kittrell, Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nortira Petitfrere pleaded guilty to one count of conspiracy in violation of 21 U.S.C.A. § 846 (West 1999 and Supp. 2001). The district court sentenced him to 97 months imprisonment. On appeal, Petitfrere argues his sentencing was flawed in four respects. He first claims the court erred in enhancing his offense level under *U.S. Sentencing Guideline* § 3C1.1 for obstruction of justice. We review a district court's finding of fact that a defendant engaged in conduct that obstructed justice for clear error. *See United States v. Self*, 132 F.3d 1039, 1041 (4th Cir. 1997). We find that the court correctly concluded that Petitfrere made false statements that obstructed the investigation of the scope of his own relevant conduct as well as obstructing the investigation of other potential co-conspirators.

Next, Petitfrere objects to the court's refusal to lower his offense level for acceptance of responsibility. We review the district court's determination that a defendant does not warrant credit for acceptance of responsibility for clear error. *See United States v. White*, 875 F.2d 427, 431 (4th Cir. 1989). Given the finding that Petitfrere obstructed justice by refusing to admit to the entire extent of his relevant conduct, we find the district court did not clearly err in refusing to lower Petitfrere's offense level of acceptance of responsibility.

Petitfrere also challenges the court's enhancement of his offense level under USSG § 2D1.1(b)(1) based on his possession of a firearm during his offense. A finding that a defendant's offense level should be increased under USSG § 2D1.1(b)(1) is reviewed for clear error. *See United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001). We find the district court correctly determined that it was not "clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment. (n.3).

Finally, Petitfrere claims he should have received a sentence reduction under the "safety valve" provision of USSG § 5C1.2. Based on our rulings above, we find that Petitfrere does not meet the criteria necessary to warrant a sentence reduction under § 5C1.2.

Accordingly we affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*