UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

KENNSWORTH LLOYD MCLENNON,
a/k/a Anthony Lee Pottinger,
          *Defendant-Appellant.*

No. 02-4193

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-266)

Submitted: March 10, 2003

Decided: March 27, 2003

Before NIEMEYER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Ronnie M. Mitchell, MITCHELL, BREWER, RICHARDSON, ADAMS, BURGE & BOUGHMAN, Fayetteville, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kennsworth Lloyd McLennon appeals his conviction and 240-month sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (2000), and possession with intent to distribute crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (2000) and 18 U.S.C. § 2 (2000). McLennon raises several claims of error. Finding none, we affirm.

McLennon first claims the evidence was insufficient to convict him. To determine whether there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court does not weigh the evidence or determine the credibility of the witnesses. Rather, the jury verdict must be upheld if there is substantial evidence to support the verdict. *Id.*; *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). With these standards in mind, we find the evidence was sufficient to support McLennon's convictions.

Second, McLennon argues that the district court erred in denying his motion to suppress evidence. The district court's findings of fact in ruling on a motion to suppress are reviewed for clear error, while its legal conclusions are reviewed de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). The record demonstrates that McLennon was not an "overnight guest" in the sense contemplated by *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990), but was instead "merely present with the consent of the householder." *See Minnesota v. Carter*, 525 U.S. 83, 90 (1998). Accordingly, he did not have a rea-

sonable expectation of privacy in the area searched. Alternatively, we find the execution of the search to be reasonable given the presence of exigent circumstances. *See United States v. Kennedy*, 32 F.3d 876, 882 (4th Cir. 1994). Therefore, the district court did not err in denying the suppression motion.

McLennon next contends that the district court erred in instructing the jury that it could consider the fact that McLennon carried a false identification document when he was arrested as evidence of consciousness of guilt. The district court's decision to give a requested jury instruction and the content of that instruction are reviewed for abuse of discretion. *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). We find that the district court did not abuse its discretion in giving the instruction, but that even if it did, any error was harmless beyond a reasonable doubt. *United States v. Obi*, 239 F.3d 662 (4th Cir.), *cert. denied*, 534 U.S. 835 (2001).

McLennon argues that the Government should have turned over to the defense an allegedly exculpatory videotape. Nothing in the record supports the claim that the Government refused to produce the tape, and we find this contention to be meritless.

McLennon raises two issues concerning his sentence. First, McLennon contends the district court erred in applying a two-level adjustment to his base offense level, pursuant to USSG § 2D1.1(b)(1), for possession of a firearm during the offense. The sentencing court's factual findings are reviewed for clear error, while its applications of the Sentencing Guidelines are reviewed de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity." *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001). The evidence in the record supports the district court's finding that it was not clearly improbable that the gun was connected to the drug distribution. *See McAllister*, 272 F.3d at 233-34; *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997).

Finally, McLennon claims the district court erred in counting a 1994 state court conviction in computing his criminal history score. McLennon did not raise this precise objection below, but instead

objected on different grounds, and cannot show the district court erred in counting a valid conviction linked to McLennon by fingerprint evidence.

Accordingly, we affirm McLennon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*