**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4993**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMETRIUS DARRELL DAVIS, a/k/a Meatman,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, Chief District Judge. (CR-97-248-BEL)

———————

Submitted: June 30, 2006          Decided: July 26, 2006

———————

Before MOTZ, TRAXLER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Christine Manuelian, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

This case is before the court after a remand to the district court for resentencing in light of United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Demetrius Davis pled guilty, without the benefit of a plea agreement, to all counts of an indictment charging him with conspiring to distribute and to possess with intent to distribute "a quantity" of cocaine and crack, and three substantive counts of distributing a total of fifty-five grams of crack cocaine. See 21 U.S.C. §§ 841(a)(1), 846 (2000).

At his original sentencing, the district court found that Davis was responsible for 1.5 kilograms of cocaine base, resulting in a base offense level of 38. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2000). With an additional two-level enhancement for possession of a firearm, less a three-level reduction for acceptance of responsibility, Davis' final total offense level was 37, with a corresponding guidelines range of 210 to 262 months. The district court imposed a 210-month sentence. On appeal, this court affirmed Davis' conviction but vacated his sentence and remanded for resentencing consistent with Booker and Hughes. See United States v. Davis, No. 04-4084 (4th Cir. May 26, 2005) (unpublished).

On remand, the district court again determined that Davis was responsible for 1.5 kilograms of cocaine base, resulting in a

base offense level of 38. The court also imposed the same increase for the firearm and gave a three-level reduction for acceptance of responsibility, resulting in a total offense level of 37, with a corresponding guidelines range of 210 to 262 months. After taking into account the additional factors enumerated in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), particularly Davis' academic accomplishments while incarcerated, the court sentenced Davis below the advisory guidelines range to 188 months of imprisonment. He has noted a timely appeal.

Davis contends, first, that the district court erred in enhancing his sentence for possession of a dangerous weapon in connection with a drug offense, pursuant to USSG § 2D1.1(b)(1), because there was no evidence that he possessed a firearm in connection with the charges to which he pled guilty. The district court's enhancement under § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).

Under the guidelines, a defendant receives a two-level increase to his base offense level under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. This "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1) cmt. n.3. The government need not establish a perfect connection between the possession of the

firearm and the commission of the drug offense before the enhancement may be made. See McAllister, 272 F.3d at 234 ("In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity."). Evidence of firearms in proximity to illegal drugs can support a conclusion that the firearms were possessed during the commission of the drug offense. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (noting that the test requires nothing more than that the guns be located in the same place where drugs are stored or distributed). Moreover, the enhancement does not "require[] proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." Id. (internal quotation marks omitted). We find that, based on the evidence before the district court, it was not clearly improbable that the weapons at issue were connected with the offenses to which Davis pled guilty. Therefore, the district court did not clearly err by applying the § 2D1.1(b)(1) enhancement.

Next, Davis asserts that retroactive application of the Booker decision results in an Ex Post Facto violation. However, Davis' argument is foreclosed by this court's decision in United States v. Davenport, 445 F.3d 366 (4th Cir. 2006) (noting that "Ex Post Facto challenges to the retroactive application of Booker have been universally rejected by the federal courts").

Finally, Davis argues that the imposition of a sentence "under a mandatory minimum and consecutive statute, where the statute does not provide any judicial exception or 'safety valve' to this mandatory aspect, constituted an unreasonable and unconstitutional sentence, as it denied the trial court the ability to impose a sentence with regard to the important constitutional considerations set forth in § 3553."

After the Supreme Court's decision in <u>Booker</u>, a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. <u>Hughes</u>, 401 F.3d at 546. In determining a sentence post-<u>Booker</u>, however, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a). <u>United States v. Green</u>, 436 F.3d 449, 455-56 (4th Cir. 2006). As stated in <u>Hughes</u>, this court will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range. 401 F.3d at 546-47. Further, this court has stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005). The rule announced in <u>Booker</u> does not apply to statutory

mandatory minimum sentences.  See United States v. Groce, 398 F.3d 679, 682 n.2 (4th Cir. 2005).

Here, the district court appropriately treated the guidelines as advisory and properly calculated and considered the guidelines range as well as the relevant factors under § 3553(a). The court imposed a sentence below the statutory maximum and below the guidelines range after carefully reviewing the § 3553(a) factors and stated its reasons for sentencing Davis below the guidelines range.  See Hughes, 401 F.3d at 547.  We therefore find that Davis' sentence was reasonable.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED