**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 05-5261**

―――――――――――

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

WILLIE BARRETT,

                                        Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Malcolm J. Howard,
District Judge.  (CR-04-87)

―――――――――――

Submitted:  April 11, 2007                Decided:  May 21, 2007

―――――――――――

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

William Woodward Webb, THE EDMISTEN & WEBB LAW FIRM, Raleigh, North
Carolina, for Appellant.  George E. B. Holding, United States
Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Barrett pled guilty, pursuant to a plea agreement, to one count of distribution of more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b) (2000). The presentence report recommended a base offense level of thirty-two pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(c)(4) (2004), an enhancement of two levels pursuant to USSG § 2D1.1(b)(1) because Barrett possessed a firearm, and a three-level reduction for acceptance of responsibility. Barrett's total offense level of thirty-one and his criminal history Category IV resulted in a sentencing range of 151 to 188 months. Barrett objected to the two-level enhancement for possession of a firearm on the ground that the evidence did not show any connection between his drug dealing activities and the possession of the firearms. The district court overruled Barrett's objection and sentenced him to 151 months of imprisonment, and Barrett timely appealed. On appeal, Barrett asserts that the improper two-level enhancement of his offense level for possession of a firearm amounts to an upward departure and renders his sentence unreasonable. We affirm.

The Guidelines provide for a two-level increase in a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG

§ 2D1.1(b)(1), cmt. n.3. "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The district court's determination that a firearm or other weapon was present and justifies the enhancement is a factual question that is reviewed for clear error. United States v. Apple, 915 F.2d 899, 914 (4th Cir. 1990). Our review of the record leads us to conclude that the district court did not err in imposing the enhancement. See United States v. Falesbork, 5 F.3d 715, 719-20 (4th Cir. 1993) ("[A] district judge must look to the entire course of relevant criminal conduct, not merely the narrow offense of conviction, in deciding whether to apply a § 2D1.1(b)(1) enhancement."). Because the district court correctly enhanced Barrett's offense level under § 2D1.1(b)(1), and sentenced Barrett within the Guideline range, his argument that the sentence resulted from an upward departure is also without merit. See United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Accordingly, we affirm Barrett's sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED