**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4744**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ADRIAN DAVIE,

             Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:07-cr-00051-1)

Submitted:  March 3, 2009                Decided:  March 23, 2009

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Charles T. Miller, United States Attorney, Lisa G. Johnston, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Davie pled guilty to possession with intent to distribute crack cocaine. The district court sentenced Davie to fifty-seven months of imprisonment based on an advisory Sentencing Guidelines range of fifty-seven to seventy-one months. We vacated and remanded Davie's sentence in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). See United States v. Davie, 278 F. App'x 266 (4th Cir. 2008). On remand, the district court again calculated Davie's sentencing range as fifty-seven to seventy-one months but the court departed downward and imposed a sentence of forty-five months.

Davie timely appeals raising two issues: (1) whether the district court erred by enhancing his sentence for possession of a firearm under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2007); and (2) whether the sentence violated his substantive due process rights. For the reasons that follow, we affirm.

First, we find no clear error in the district court's decision to enhance Davie's sentence for the loaded gun found in the vehicle he was driving. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Second, we have repeatedly rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or

2

due process.  See United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (collecting cases).

Accordingly, we affirm Davie's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED