**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4818**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BLAINE VIRL SUTHERLAND, JR.,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:08-cr-00035-RLV-DCK-1)

Submitted:  June 4, 2010                    Decided:  July 6, 2010

Before DUNCAN and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellant.   Edward R. Ryan, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Blaine Virl Sutherland, Jr., was found guilty of knowingly and intentionally manufacturing marijuana and possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006). Although Sutherland was also charged with using and possessing firearms in furtherance of these drug trafficking offenses, in violation of 18 U.S.C. § 924(c) (2006), he was found not guilty of that offense. Sutherland was sentenced to thirty-three months' imprisonment, four years' supervised release, and a $25,000 fine.

On appeal, Sutherland first argues the district court committed clear error in denying his motion to suppress the evidence seized from his property. This court reviews the district court's factual findings underlying a motion to suppress for clear error. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). We afford the district court's credibility determinations due deference, because "it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted), cert. denied, 129 S. Ct. 1312 (2009).

We have carefully reviewed the transcript of the hearing on Sutherland's motion and we find that, taken in the

2

light most favorable to the Government, see United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009), petition for cert. filed, __ U.S.L.W. __ (U.S. Apr. 23, 2010) (No. 09-10414), the evidence adduced at the hearing amply supports the district court's ruling. Accordingly, we affirm the denial of Sutherland's motion to suppress.

Sutherland next argues the district court clearly erred in enhancing his sentence pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2008). This guideline provides for a two-level increase to a defendant's base offense level for a narcotics offense "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id. at comment. (n.3) (emphasis added). Whether the district court properly applied the USSG § 2D1.1(b)(1) enhancement is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).

We find no clear error here. We have held that the proximity of weapons to illicit narcotics is sufficient to warrant the USSG § 2D1.1(b)(1) enhancement. United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). In this case, it is undisputed that two firearms — one of which was loaded — were seized from the garage in which Sutherland was cultivating

3

marijuana.   Under these circumstances, we find the district court properly applied the § 2D1.1(b)(1) enhancement, see id., as it was not "clearly improbable" that the firearms were connected to Sutherland's marijuana offenses.

For the foregoing reasons, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED