**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5072**

———————

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

      v.

VAUGHN RAMONE GROVE,

                  Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:09-cr-00263-1)

———————

Submitted: June 9, 2011             Decided: June 17, 2011

———————

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. R. Booth Goodwin, II, United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vaughn Ramone Grove pled guilty pursuant to a plea agreement to possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced Grove to 151 months in prison, and Grove now appeals. We affirm.

On appeal, Grove first contends that the district court erred in applying an enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2009). A two-level increase is authorized under § 2D1.1(b)(1) if the defendant possessed a dangerous weapon during the offense. Application Note 3 to § 2D1.1 explains that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." The district court's factual finding that Grove possessed a dangerous weapon during the offense is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The government "need show only that the weapon was possessed during the relevant illegal drug activity." Id. "[P]roof of constructive possession of the dangerous weapon is sufficient, and the Government is entitled to rely on circumstantial evidence to carry its burden." United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010). Because the firearm was found in close proximity to a large sum of cash and was readily

2

accessible, we readily conclude that the district court did not clearly err in applying the two-level enhancement.

Grove next contends that his 151-month sentence is unreasonable. This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. The district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). However, the district court "must place on the record an 'individualized assessment' based on the particular facts of the case before it. This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit 'meaningful appellate review.'" United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50) (internal footnote omitted).

A reviewing court then considers the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. This court presumes on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within—Guidelines sentence). After thoroughly reviewing the record, we conclude that the district court did not abuse its discretion in sentencing Grove because his sentence was both procedurally and substantively reasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED