UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TIMOTHY A. WARE,
          *Defendant-Appellant.*

No. 01-4466

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, Chief District Judge.
(CR-00-143)

Submitted: March 15, 2002

Decided: March 26, 2002

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Steven R. Kiersh, Washington, D.C., for Appellant. Thomas M. DiBiagio, United States Attorney, Angela R. White, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Ware was convicted by a jury of conspiracy to distribute and possession with intent to distribute cocaine base and cocaine hydrochloride; he was sentenced to life imprisonment. 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999 & Supp. 2001). Ware appeals his conviction and sentence.

Ware contends that the district court abused its discretion by qualifying Drug Enforcement Administration Agent Gaasche as an expert witness. This court repeatedly has upheld the admission of law enforcement officers' expert opinion testimony in drug trafficking cases. *United States v. Gastiaburo*, 16 F.3d 582, 589 (4th Cir. 1994) (citing *United States v. Safari*, 849 F.2d 891, 895 (4th Cir. 1988) (upholding admission of expert testimony on the size of an average dose of heroin because, "[w]hile not usurping the function of the jury, this testimony aided the jury during its deliberations, for most laymen are not familiar with the quantity, purity, and dosage units of heroin")). The district court properly rejected Ware's contention that the charged conduct was garden variety drug activity that did not require expert testimony to aid the jury.

Ware also argues that the district court erred by allowing Gaasche to testify to factual matters relating to the charges against Ware. Ware did not object to Gaasche's testimony on this ground below, and we conclude that the district court's allowance of Gaasche's factual testimony does not constitute plain error.

Ware next contends that his life sentence violates *Apprendi v. New Jersey*, 530 U.S. 446 (2000). Ware was charged in a superseding indictment with conspiracy involving "five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride" and "50 grams or more of a mixture or substance containing a detectable amount of cocaine base." Testimony offered by government witnesses accounted for quantities in excess of the amounts charged in the indictment. The jury was instructed that a guilty verdict only could be based upon a unanimous finding that Ware distributed or possessed for distribution five kilograms or more

of cocaine hydrochloride, or fifty grams of cocaine base, or both. The jury returned a guilty verdict. Juries are presumed to follow the court's instructions. *Richardson v. Marsh*, 481 U.S. 200, 206-07 (1987). Because the jury found Ware guilty of the charged crime, and that crime had a statutory maximum sentence of life, Ware's sentence does not violate *Apprendi*. Ware's challenge to the constitutionality of 21 U.S.C.A. § 841(b)(1)(A) similarly is meritless. *See United States v. McAllister*, 272 F.3d 228, 233 (4th Cir. 2001).

Ware's conviction and sentence are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*