**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                    No. 01-4716

COREY MICHAEL LEFTWICH,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-00-37-HO)

Submitted: April 29, 2002

Decided: June 10, 2002

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

A. Lee Hogewood, III, Ann M. Anderson, KENNEDY, COVING-
TON, LOBDELL & HICKMAN, Raleigh, North Carolina, for Appel-
lant. John Stuart Bruce, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Mary Jude Darrow, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Corey Michael Leftwich was convicted by a jury on three counts of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001). He was sentenced to three concurrent sentences of 324 months. On appeal, Leftwich argues that: (1) the district court erred in admitting certain "prior bad acts" under Fed. R. Evid. 404(b); (2) the district court erred in attributing to him approximately 11 kilograms of cocaine base under *U.S. Sentencing Guidelines Manual* § 1B1.3 (2000); and (3) the district court clearly erred at sentencing in making a two-level enhancement for possession of a firearm, USSG § 2D1.1(b)(1). Finding no reversible error, we affirm.

First, Leftwich specifically challenges the court's admission of the testimony of Harkless Fossie and Frenchie Reels. Ostensibly, Leftwich argues that the trial court's denial of his motion to exclude all testimony of prior bad acts and crimes he allegedly committed, through the testimony of Harkless Fossie and Frenchie Reels, was reversible error as its introduction was unreliable and it was unduly prejudicial. Rule 404(b) forbids admission of prior bad acts evidence to show later action in conformity therewith. This court generally reviews the district court's admission of such evidence for abuse of discretion. *United States v. Chin*, 83 F.3d 83, 87 (4th Cir. 1996). To abuse its discretion, a district court must either fail or refuse to exercise its discretion, or rely on an erroneous legal or factual premise in the exercise of its discretionary authority. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). Rule 404(b) decisions are not reversed unless they are "arbitrary or irrational." *United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). We find no abuse of discretion in the court's admission of the challenged evidence.

Next, Leftwich argues that the district court erred in holding him responsible for 11.7 kilograms of cocaine base when his counts of

conviction only concerned 61.9 grams of cocaine base. The district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). In determining drug quantity, a district court must consider whether the Government has established drug quantity by a preponderance of the evidence. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996); *see also United States v. Obi*, 239 F.3d 662, 667 (4th Cir.) (upholding a district court's determination of drug quantity by a preponderance of the evidence where no violation occurred under *Apprendi v. New Jersey*, 530 U.S. 466 (2000)), *cert. denied*, 122 S. Ct. 86 (2001).

Under USSG § 1B1.3(a)(2), drug quantities not specified in the count of conviction are considered as relevant conduct for sentencing when they are part of the same course of conduct, or common plan or scheme. USSG § 1B1.3(a)(2); *United States v. Ellis*, 975 F.2d 1061, 1067 (4th Cir. 1992). Negotiated but undelivered drugs are included in the total amount unless the defendant did not intend to deliver or was incapable of producing the negotiated amount. *United States v. Brooks*, 957 F.2d 1138, 1150-51 (4th Cir. 1992). This court reviews decisions as to relevant conduct evidence for abuse of discretion. *United States v. Morsley*, 64 F.3d 907, 914 (4th Cir. 1995). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). Even hearsay alone can provide sufficiently reliable evidence of drug quantity. *Id.* Upon reviewing the record, we find no abuse of discretion in the district court's determination regarding the amount of drugs attributable to Leftwich under relevant conduct.

Last, Leftwich argues that the district court erred in assessing a two-level enhancement for possession of a dangerous weapon during a drug offense pursuant to USSG § 2D1.1(b)(1). The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. USSG § 2D1.1, comment. (n.3). The determination that a weapon enhancement is warranted is a factual question subject to clearly erroneous review. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). The application of the weapons enhancement under USSG

§ 2D.1(b)(1) to relevant conduct has been ruled appropriate by this court. *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001). After reviewing the record, we find no error in the two-level enhancement.

Accordingly, we affirm Leftwich's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*