**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
>  *Plaintiff-Appellee,*

v.

JOSE NACACIO AMU, a/k/a Amu,
>  *Defendant-Appellant.*

No. 00-4814

UNITED STATES OF AMERICA,
>  *Plaintiff-Appellee,*

v.

JOSE NACACIO AMU, a/k/a Amu,
>  *Defendant-Appellant.*

No. 01-4980

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge; James C. Cacheris, Senior
District Judge, sitting by designation.
(CR-97-40)

Submitted: July 26, 2002

Decided: August 5, 2002

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

No. 00-4814 dismissed and No. 01-4980 affirmed by unpublished per
curiam opinion.

**COUNSEL**

Christopher C. Fialko, RUDOLF, MAHER, WIDENHOUSE & FIALKO, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Robert J. Higdon, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

In No. 00-4814, Jose Nacacio Amu appeals the district court's denial of his motion to withdraw his guilty plea. After this appeal was filed, the district court reconsidered Amu's motion and granted it, and Amu was subsequently tried by a jury. In light of the district court's grant of the motion, we dismiss this appeal.

In No. 01-4980, Amu appeals his convictions following his jury trial for conspiracy to import cocaine and conspiracy to possess cocaine and cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 846, 963 (1994). He assigns several claims of error. Having reviewed the record, we will address each claim in turn.

Amu first claims that the district court abused its discretion by allowing the United States to present evidence of his 1996 arrest and release in Houston, Texas. This evidence does not fall within the purview of Fed. R. Evid. 404(b), as Amu suggests, because it was intrinsic to the crime charged. *United States v. Stitt*, 250 F.3d 878, 887 (4th Cir. 2001). Additionally, viewing the evidence in the light most favorable to the Government, as we are required to do, we cannot say that the prejudice substantially outweighs the probative value. Fed. R. Evid. 403; *United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998). Accordingly, this claim warrants no relief.

Amu next claims that the district court abused its discretion by admitting audiotape evidence of a lengthy conversation between a cooperating co-conspirator and Annie Mae Little. A statement is not hearsay, and thus admissible, if it is offered against a party and is made by a co-conspirator of the party during the course of, and in the furtherance of, the conspiracy. Fed. R. Evid. 801(d)(2)(E). In the tape, Little agrees to contact Amu to facilitate a cocaine transaction. Further evidence at trial firmly established Little as a member of the conspiracy. As a consequence, the district court did not err in admitting the tape.

Amu next raises a constitutional challenge to the statutes under which he was convicted. He claims that the statutory scheme requires a judge to make factual findings for sentencing purposes in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As he notes, our opinion in *United States v. McAllister*, 272 F.3d 228 (4th Cir. 2001), runs contrary to this argument, and the Supreme Court has recently declined to adopt the reasoning suggested by Amu. *Harris v. United States*, ___ U.S. ___, 122 S. Ct. 2406 (2002). In accord with this precedent, we deny this claim.

Amu next claims that the district court erred by failing to use the drug quantity findings of the jury in its application of the sentencing guidelines. Based on the findings of the jury, Amu was eligible for a life sentence for each of his convictions. 21 U.S.C. §§ 841(b)(1)(A)(ii), (iii), 960(b)(1)(B), (C) (1994). Accordingly, the court's fact-finding did not extend the punishment beyond the statutory maximum range, and the tenets of *Apprendi* and its progeny were not violated. *United States v. Kinter*, 235 F.3d 192, 201 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001).

Amu next claims that the district court erred in denying his motion for judgment of acquittal. In doing so, he repeatedly asks us to review the credibility of the witnesses who testified before the jury. This we shall not do. *See United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994) (noting that the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented). Nevertheless, we have reviewed the record and have found substantial evidence to support the jury's verdict. *See Glasser v.*

*United States*, 315 U.S. 60, 80 (1942). Accordingly, we deny relief on this claim.

Amu next raises three claims regarding the district court's factual determinations and application of the Federal Sentencing Guidelines.* These factual determinations are reviewed for clear error. *United States v. Withers*, 100 F.3d 1142, 1147 (4th Cir. 1996). Our review of the record, including the trial transcripts and the presentence report, discloses no clear error. There was ample evidence to support the district court's findings that Amu was a leader or organizer of the conspiracy, that he possessed a weapon during the conspiracy, and that he obstructed justice by offering perjured testimony. *See U.S. Sentencing Guidelines Manual*, §§ 3B1.1(a), 2D1.1(b)(1), 3C1.1 (2000). Thus, we will not disturb the district court's sentencing calculation.

Amu finally asserts that the district court abused its discretion by denying his motion to dismiss for lack of venue. In a drug conspiracy case, venue lies in any district in which the agreement was formed or in which an act in furtherance of the conspiracy was committed. *United States v. Gilliam*, 975 F.2d 1050, 1057 (4th Cir. 1992). Further, the acts of each co-conspirator are imputed to the other members of the conspiracy. *United States v. Al-Talib*, 55 F.3d 923, 928 (4th Cir. 1995). Our review of the record discloses testimony from conspirators regarding transportation of cocaine into the Western District of North Carolina. The record also indicates that, although in Texas, Amu was part of the conspiracy as the origin of many of these shipments. Accordingly, venue was properly lodged in the Western District at North Carolina.

We affirm the judgment of the district court in No. 01-4980. We dismiss the appeal in No. 00-4814. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

---

*Specifically, Amu claims that the district court erred in enhancing his offense level on the basis of: (1) his leadership role; (2) possession of a dangerous weapon; and (3) obstruction of justice.

No. 00-4814 - *DISMISSED*

No. 01-4980 - *AFFIRMED*