UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ALFRED EMANUEL MEAIS, a/k/a Kool
Aid, a/k/a Randolph Brown,
          *Defendant-Appellant.*

No. 02-4098

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-307)

Submitted: December 16, 2002

Decided: January 13, 2003

Before WIDENER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK,
Chapel Hill, North Carolina, for Appellant. Anna Mills Wagoner,
United States Attorney, Sandra J. Hairston, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Alfred Emanuel Meais appeals the 240-month sentence imposed after this court remanded his case for resentencing following his conviction for conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (2000). Finding no error, we affirm.

Meais had originally been sentenced to imprisonment for 360 months. Drug quantity was not charged in his indictment, nor was quantity specified in the court's jury instructions or in the jury's verdict. We vacated the sentence as plain error, and remanded for resentencing. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).* The district court held a resentencing hearing and imposed a 240-month sentence. Meais appeals from this sentence.

Meais first argues that his conviction, as well as his sentence, should have been vacated because the indictment did not charge a specific drug quantity and did not charge the use of a minor in the commission of the offense. In *United States v. Benenhaley*, this court rejected this argument and reaffirmed its prior holding that "an indictment that charges an unspecified drug quantity suffices to support a conviction under 21 U.S.C. § 841 [(2000)]." 281 F.3d 423, 424 (4th Cir.) (citing *United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2000)), *cert. denied*, 123 S. Ct. 275 (2002). Thus, although Meais' indictment did not charge a specific quantity, his conviction was valid.

Meais next argues that *Apprendi* requires that sentencing factors—

---

*Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond a prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

such as amount of drugs and use of a minor in the commission of the offense—be alleged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. We have previously held that sentencing factors are not required to be alleged in the indictment or submitted to the jury. *United States v. Kinter*, 235 F.3d 192, 202 (4th Cir. 2000), *cert. denied*, 532 U.S. 937 (2001). "[T]he relevant [statutory] 'maximum' under *Apprendi* is found on the face of the statute rather than in the Sentencing Guidelines." *Id.* at 201. Thus, Meais' statutory maximum was 240 months under 21 U.S.C. § 841(b)(1)(C), based on an unspecified quantity of cocaine base. Because the sentence imposed on remand did not exceed the statutory maximum, application of the sentencing factors of drug quantity and use of a minor does not implicate the rule announced in *Apprendi*. *See Kinter*, 235 F.3d at 201-02.

The last issue raised by Meais is that 21 U.S.C. § 841 is facially unconstitutional under *Apprendi*. We have previously rejected this argument and see no reason to revisit it. *See United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001).

Accordingly, we affirm Meais' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*