**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANTHONY DAVIS GARNER,
　　　　　*Defendant-Appellant.*

No. 03-4160

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-02-1334)

Submitted: June 23, 2003

Decided: July 22, 2003

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

───────────────────────

Affirmed by unpublished per curiam opinion.

───────────────────────

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anthony Davis Garner appeals his conviction and sentence for possession with intent to distribute 20.41 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). Garner was acquitted of possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1) (2000). The district court sentenced him to 110 months of imprisonment to be followed by a five-year term of supervised release. Garner contends that there was insufficient evidence at trial to find him guilty beyond a reasonable doubt and that the district court erred in applying a two-level enhancement for possessing a firearm during a drug offense. Finding no reversible error, we affirm.

We must uphold Garner's conviction on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To convict Garner of possession with the intent to distribute cocaine base, the Government had to prove that Garner: (1) knowingly, (2) possessed the cocaine, (3) with the intent to distribute it. *Id.* at 873. Possession may be actual or constructive. *United States v. Rusher*, 966 F.2d 868, 878 (4th Cir. 1992). "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." *United States v. Schocket*, 753 F.2d 336, 340 (4th Cir. 1985). Possession need not be exclusive but may be joint and may be established by circumstantial evidence. *Id.* Furthermore, intent to distribute can be inferred if the amount of

drugs found exceeds an amount associated with personal consumption. *See United States v. Wright*, 991 F.2d 1182, 1187 (4th Cir. 1993).

We have reviewed the record and conclude that Garner is not entitled to relief. Not only were the drugs found at Garner's residence, but also were inside his shoes. Garner's claim that other individuals had access to the drugs does not preclude a finding of actual or constructive possession but merely shows a possibility that there was joint possession. Further, the 20.41 grams of crack found in Garner's boots exceed any amount associated with personal consumption and is consistent with an intent to distribute. *See United States v. Lamarr*, 75 F.3d 964, 973 (4th Cir. 1996) (noting that thirteen grams of crack supported inference of intent to distribute). Other items found throughout the house, such as the fifty-nine Ziplock bags containing small amounts of drugs and the empty digital scale box, also indicated an intent to distribute. We therefore find that there was sufficient evidence from which the jury could find that Garner knowingly possessed cocaine base with intent to distribute.

Garner also contends the district court erred in applying a two-level enhancement to his base offense level, pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2002), for possession of a firearm during the drug offense. The commentary to the sentencing guidelines provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity." *United States v. McAllister*, 272 F.3d 228, 234 (4th Cir. 2001). We review the court's factual findings for clear error and its application of the sentencing guidelines de novo. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

The jury found Garner guilty of the underlying drug offense, and Garner admitted that he owned the firearm recovered from his residence. Furthermore, the firearm was found in a closet in Garner's bedroom, in close proximity to the drugs that also were found in Garner's bedroom. *See United States v. Harris*, 128 F.3d 850, 852 (4th

Cir. 1997). Therefore, we conclude that the district court properly applied the sentencing enhancement.

Accordingly, we affirm Garner's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*