**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4446**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

GUISEPPE L. WALLACE, JR., a/k/a Little Joe,
a/k/a Little,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern
District of West Virginia, at Beckley.  Charles H. Haden II,
District Judge. (CR-02-101)

———————

Submitted:  May 28, 2004          Decided:  July 28, 2004

———————

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

David Schles, STOWERS & ASSOCIATES, Charleston, West Virginia, for
Appellant.  Kasey Warner, United States Attorney, John L. File,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Guiseppe L. Wallace, Jr., appeals his guilty-plea conviction to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846.

On appeal, Wallace asserts that the district court erred by applying a two-level firearm enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1 (2001). The Guidelines provide for a two-level increase in offense level for drug offenses "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment. (n.3). The district court's enhancement under § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). After careful review of the record, we find no error in the district court's application of the enhancement. Id.; United States v. Kimberlin, 18 F.3d 1156, 1160 (4th Cir. 1994); United States v. Mena-Robles, 4 F.3d 1026, 1036 (1st Cir. 1993). Moreover, we reject Wallace's contention that the district court's application of the Guidelines created an unconstitutional presumption that possession of a firearm is reasonably foreseeable in every drug trafficking case. USSG § 2D1.1(b)(1), comment. (n.3).

Accordingly, we affirm Wallace's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED