**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4076**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY C. RICHARDSON, a/k/a Too,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief
District Judge.  (CR-02-62; CR-03-51)

———————

Submitted:  April 20, 2005          Decided:  May 31, 2005

———————

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

———————

John J. Pizzuti, MCCAMIC, SACCO & PIZZUTI, P.L.L.C., Wheeling, West
Virginia, for Appellant.  Thomas E. Johnston, United States
Attorney, John C. Parr, Assistant United States Attorney, Wheeling,
West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Larry C. Richardson appeals his convictions and sentence following a guilty plea to conspiracy to engage in interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. §§ 1952(a)(3), 371 (2000), and use of telephone to facilitate the distribution of heroin, 21 U.S.C. §§ 843(b), (d)(1) (2000). We affirm Richardson's convictions, vacate the sentence imposed by the district court, and remand for reconsideration of the sentence.

Richardson contends that the district court erred in calculating the drug amounts attributable to him at sentencing. Specifically, he complains that distribution of crack should not have been included as part of the relevant conduct because it was not part of the same course of conduct or a common scheme or plan as his heroin distribution.

A district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The Government bears the burden of proving relevant conduct by a preponderance of the evidence. United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir.

1992).  Under the guidelines, drug quantities not specified in the counts of conviction are considered relevant conduct when they are part of the same course of conduct or common plan or scheme.  U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (2002).  Richardson's crack distribution, which involved the same customers he distributed heroin to contemporaneously, is similar enough in degree and regularity to include crack distribution in Richardson's relevant conduct.  See USSG § 1B1.3, comment. (n.9(B)).  We find that the district court did not clearly err in determining the relevant conduct amount of drug quantities attributable to Richardson including activity involving the distribution of crack.

Richardson next contends that the district court erroneously enhanced his offense level for use of a firearm during the course of his illegal activities, pursuant to USSG § 2D1.1(b)(1).  Richardson's argument primarily relies on his claim that the Government's witnesses provided unreliable testimony.

The district court's enhancement under § 2D1.1(b)(1) is reviewed for clear error.  United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).  "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity."  Id.  Further, witness credibility is not generally subject to review by this court.  United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

At sentencing, Frankie Cosco, William Lynch, Kenneth Nestor, and Jason Thorn all testified that they witnessed Richardson possess a firearm during illegal drug transactions. The district court found the testimony of all four witnesses to be credible. Our review of the record leads us to conclude that the district court did not clearly err in assessing Richardson a two-level enhancement for possession of a firearm.

Richardson argues that he should be resentenced in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), because his sentence was enhanced on judicially found facts. Specifically, Richardson objects to the inclusion of crack distribution activities as relevant conduct at sentencing and the application of a two-level firearm enhancement pursuant to USSG § 2D1.1. Following the Supreme Court's decisions in Blakely and United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), this court held, in United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005), that a sentence that is impermissibly enhanced based on facts found by the court constitutes plain error that affects the defendant's substantial rights and warrants vacating the sentence and remanding for resentencing under Booker. Because Richardson's enhancement occurred under the mandatory guidelines scheme and affected his substantial rights, as it resulted in a higher guidelines range, the district court committed plain error. See Hughes, 401 F.3d at 547-48.

- 4 -

We accordingly affirm Richardson's convictions, vacate the sentence imposed by the district court, and remand for resentencing under <u>Hughes</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART, AND REMANDED</u>