UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4624

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LARRY C. RICHARDSON,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Chief District Judge.  (1:02-cr-00062; 1:03-cr-00051)

Submitted:  January 19, 2007          Decided:  February 6, 2007

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John J. Pizzuti, MCCAMIC, SACCO, PIZZUTI & MCCOID, P.L.L.C., Wheeling, West Virginia, for Appellant.  Rita R. Valdrini, Acting United States Attorney, John C. Parr, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry C. Richardson appeals his sentence imposed after resentencing,[*] on his conviction for conspiracy to engage in interstate travel in aid of a racketeering enterprise, in violation of 18 U.S.C. §§ 1952(a)(3), 371 (2000), and use of a telephone to facilitate the distribution of heroin, 21 U.S.C. §§ 843(b), (d)(1) (2000). Following a resentencing hearing, the district court adopted its findings from the original sentencing hearing and imposed the same 108-month sentence it previously imposed. For the reasons set forth below, we affirm Richardson's sentence.

Richardson first challenges the district court's application of a preponderance of the evidence standard of proof in resentencing. This assertion is without merit. See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006) (after Booker, the sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence). Richardson also asserts that because of the firearm enhancement, he was not eligible for a five hundred hour drug program. Richardson argues his sentence should

_____

[*]This court previously affirmed Richardson's convictions, but remanded his case to the district court for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005), which case was decided after the original sentencing hearing. See United States v. Richardson, No. 04-4076, 132 F. App'x 492 (4th Cir. 2005).

be reduced by a year as if he had completed the program.  We disagree and conclude the argument is without merit.

Finally, Richardson challenges the district court's refusal to grant him a variance based on the crack/powder cocaine disparity of the sentencing guidelines.  The district court properly rejected this request pursuant to our decision in <u>United States v. Eura</u>, 440 F.3d 625, 627 (4th Cir. 2006), <u>petition for cert. filed</u>, June 20, 2006 (No. 05-11659).

Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant 18 U.S.C. § 3553(a) (2000) factors, we find Richardson's sentence to be reasonable.  Accordingly, we affirm Richardson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>