**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

No. 05-4822

─────────────

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

EDWARD C. LEGGETT,

                                   Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.   Jerome B. Friedman,
District Judge.  (CR-03-138)

─────────────

Submitted:  April 12, 2006          Decided:  April 28, 2006

─────────────

Before LUTTIG and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Frank W. Dunham, Jr., Federal Public Defender, Larry M. Dash,
Meghan S. Skelton, Assistant Federal Public Defenders, Frances H.
Pratt, Research & Writing Attorney, Norfolk, Virginia, for
Appellant.  Paul J. McNulty, United States Attorney, Michael J.
Elston, Lisa R. McKeel, Assistant United States Attorneys, Newport
News, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Edward C. Leggett appeals his 165-month sentence imposed following remand for resentencing consistent with United States v. Booker, 125 S. Ct. 738 (2005). Leggett contends that the district court erred by applying the two-level firearm enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1 to his sentence because it was clearly improbable that the firearm was connected to the drug offense. We affirm.

Under the guidelines, a defendant's offense level must be increased by two under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. This "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1) comment. (n.3). The district court's enhancement under § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).

The Government need not establish a perfect connection between the possession of the firearm and the commission of the drug offense before the enhancement may be applied. See McAllister, 272 F.3d at 234. Evidence of firearms in proximity to illegal drugs can support a conclusion that the firearms were possessed during the commission of the drug offense. Moreover, the weapon need only be possessed in connection with drug activity that was part of the same course of conduct or common scheme of the

- 2 -

offense of conviction.  Id. at 233-34.  On review of the record we cannot say that the district court committed clear error in applying the firearm enhancement to Leggett.

We find that the district court fully considered the factors set forth in 18 U.S.C. § 3553(a) in imposing Leggett's sentence.  Because the district court imposed a sentence within the properly calculated guidelines range and within the statutory maximum, we find the sentence was reasonable.  See United States v. Green, 436 F.3d 449 (4th Cir. 2006).

Accordingly, we affirm Leggett's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED