**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4567**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH GORDY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., District Judge. (CR-03-1092)

Submitted: March 27, 2006      Decided: July 5, 2006

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank L. Eppes, EPPES & PLUMBLEE, P.A., Greenville, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Regan A. Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kenneth Gordy pled guilty to conspiracy to distribute more than 500 grams of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(A) (West 1999 & Supp. 2005) (Count 1), possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C.A. § 841(b)(1)(B) (West 1999 & Supp. 2005) (Count 3), conspiracy to launder money, in violation of 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2005) (Count 4), and maintaining a drug-involved premises for the purpose of distributing five kilograms or more of cocaine, and aiding and abetting the same, in violation of 21 U.S.C.A. § 856(a)(1)-(2) (West Supp. 2005), 18 U.S.C. § 2 (2000) (Count 5). He appeals his sentence of concurrent 135-month prison terms on each count, asserting that the district court erred by applying the two-level firearm enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2004). We affirm.

Under the guidelines, a defendant's offense level must be increased by two under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. This "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1) cmt. n.3. The district court's enhancement under § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).

In order to apply the enhancement, the government need not establish a perfect connection between the possession of the

firearm and the commission of the drug offense.  <u>Id.</u>  The enhancement does not "require[] proof of precisely concurrent acts, for example, a gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun."  <u>United States v. Harris</u>, 128 F.3d 850, 852 (4th Cir. 1997) (internal quotation marks omitted).  On review of the record, we cannot say that the district court committed clear error in applying the firearm enhancement to Gordy.

Gordy's claim that the § 2D1.1(b)(1) enhancement violates <u>United States v. Booker</u>, 543 U.S. 220 (2005), is without merit.  We find that the district court fully considered the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) in imposing Gordy's sentence.  Because the district court imposed a sentence within the properly calculated guideline range and within the statutory maximum, we find the sentence reasonable.  <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006), <u>cert. denied</u>, 74 U.S.L.W. 3654 (U.S. May 22, 2006) (No. 05-10474).

Accordingly, we affirm Gordy's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>