**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4487**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ANTONIO SEHEN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Norman K. Moon, District Judge. (CR-02-128)

———————

Submitted:  June 15, 2005          Decided:  July 14, 2005

———————

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Roland M.L. Santos, Harrisonburg, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Sehen was convicted by jury of possession of five grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841 (2000). The district court sentenced him under the federal Sentencing Guidelines to a 121-month term of imprisonment. This sentence was based, in part, on the court's findings concerning characteristics of the offense. Specifically, the court enhanced Sehen's base offense level based on its findings that Sehen proffered a dangerous weapon and for obstruction of justice.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), Sehen asserts for the first time on appeal that his sentence is unconstitutional. In Booker, the Supreme Court held that the federal Sentencing Guidelines, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of their mandatory nature. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court). Although Sehen did not raise this Sixth Amendment challenge at sentencing, this court has held that a mandatory

enhancement based on judicial fact-finding supported by a preponderance of the evidence constitutes plain error warranting correction. United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).

In light of Booker and Hughes, we find that the district court plainly erred in sentencing Sehen.[1] Therefore, we affirm his conviction,[2] vacate his sentence, and remand for proceedings consistent with Hughes.[3] Id. at 546 (citing Booker, 125 S. Ct. at 764-65, 67 (Breyer, J., opinion of the Court)). We dispense with oral argument because the facts and legal contentions are

---

[1]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of Sehen's sentencing." 431 F.3d at 545 n.4.

[2]To the extent Sehen contends Booker undermines the validity of his conviction, we reject this argument.

[3]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED
