**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-5102**

―――――――――

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

WILLIAM FRANKLIN SEHEN,

                              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of Virginia, at Danville.  Norman K. Moon, District Judge.
(CR-02-128)

―――――――――

Submitted:  June 9, 2006                Decided:  July 6, 2006

―――――――――

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Roland M. L. Santos, Harrisonburg, Virginia, for Appellant.  John
L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

William Franklin Sehen was sentenced to 121 months' imprisonment for possession of five grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841 (2000). We affirmed the conviction, vacated the sentence, and remanded for further proceedings consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Sehen, No. 03-4487 (4th Cir. July 14, 2005) (unpublished).

On remand, the district court resentenced Sehen to an identical term of 121 months' imprisonment. Sehen again appeals, contending the district court's application of a sentencing enhancement for possession of a dangerous weapon in connection with a drug offense, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2002), was clearly erroneous. Furthermore, Sehen contends the district court did not sufficiently articulate its consideration of the sentencing factors listed in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005).

The district court's enhancement of Sehen's sentence under § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Under the sentencing guidelines, a defendant receives a two-level increase to his base offense level under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. This "adjustment should be applied if the weapon was present, unless it is clearly

improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1) comment. (n.3). The Government need not establish a perfect connection between the possession of the firearm and the commission of the drug offense before the enhancement may be made. See McAllister, 272 F.3d at 234. Evidence of firearms in proximity to illegal drugs can support a conclusion that the firearms were possessed during the commission of the drug offense. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). Moreover, the enhancement does not "require[] proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." Id. (internal quotation marks omitted).

After carefully reviewing the evidence, we find Sehen has failed to show that it is "clearly improbable that the weapons were connected with" his drug offense. See USSG § 2D1.1, comment. (n.7). Therefore, we conclude the district court's application of the sentencing enhancement was not clearly erroneous.

Additionally, we find no merit to Sehen's contention concerning the § 3553(a) factors. A "district court need not explicitly discuss every § 3553(a) factor on the record." United States v. Eura, 440 F.3d 625, 632 (4th Cir. 2006) (citation omitted); see United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), petition for cert. filed, Apr. 17, 2006 (No. 05-10474)). "[A] sentence imposed within the properly calculated Guidelines

- 3 -

range . . . is presumptively reasonable." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006) (internal quotation marks and citation omitted); <u>see</u> <u>Johnson</u>, 445 F.3d at 342-44. Based on these principles, we find the district court adequately considered the § 3553(a) factors, and Sehen fails to rebut the presumption that his sentence, which was imposed at the top of the properly calculated sentencing guidelines range, was reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>