**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4626

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD E. WATTS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:05-cr-00442-HEH)

Submitted:  July 31, 2007          Decided:  August 16, 2007

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Craig S. Cooley, Richmond, Virginia, for Appellant.   Chuck Rosenberg, United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald E. Watts was convicted after a bench trial of one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b) (2000). The district court sentenced Watts to 168 months of imprisonment, and Watts timely appealed. On appeal, Watts asserts that the district court erred in denying his motion to suppress evidence obtained from a search of his person and the vehicle he was driving because the traffic stop that preceded the searches was pretextual. Watts also argues that the district court erred in imposing a two-level enhancement of his offense level for possession of a firearm.

This court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. Id. We grant great deference to factual findings based on credibility decisions. See United States v. Locklear, 829 F.2d 1314, 1317 (4th Cir. 1987) (stating that this court will decline to overturn a factual determination founded on witness demeanor and credibility absent compelling evidence to the contrary). Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir.

- 2 -

1993).  A stop for a traffic violation "does not become unreasonable merely because the officer has intuitive suspicions that the occupants of the car are engaged in some sort of criminal activity."  Id.  A routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation.  United States v. Brugal, 209 F.3d 353, 358 (4th Cir. 2000).  Our review of the record in this case leads us to conclude that the district court did not err in denying Watts's motion to suppress.

The Guidelines* provide for a two-level increase in a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed."  USSG § 2D1.1(b)(1).  Application Note 3 of the Commentary to § 2D1.1 states that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  USSG § 2D1.1(b)(1), cmt. n.3.  "In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity."  United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).  The district court's determination that a firearm or other weapon was present and justifies the enhancement is a factual question that is reviewed for clear error.  United States v. Apple, 915 F.2d 899,

---

*U.S. Sentencing Guidelines Manual (USSG) (2005).

914 (4th Cir. 1990).  Our review of the record leads us to conclude that the district court correctly found that a preponderance of the evidence showed that Watts possessed the handgun discovered in the vehicle.

Accordingly, we affirm Watts's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED