**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-4050

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LYNN SHORT,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:04-cr-793-TLW)

_____

Submitted:  July 27, 2007          Decided:  August 17, 2007

_____

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Falkner Wilkes, CRAVEN & WILKES, Greenville, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Rose Mary Parham, Assistant United States Attorney, Thomas E. Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher L. Short appeals his conviction and sentence for conspiracy to traffic in fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000). On appeal he argues that the district court erred in permitting fellow inmates to testify to his pre-trial admissions and erred in applying a two-level sentencing enhancement for possession of a firearm. Finding no error, we affirm.

Short argues that the admission of fellow jail inmates Lloyd Moses and Vernie Blount's testimony regarding self-incriminating statements that Short made violated his Fifth and Sixth Amendment right to counsel. He contends that the ATF was actively involved with Moses and therefore Moses was acting as an agent of the Government when he elicited information from Short. The Government contends that Short has waived this issue because he did not raise it in the district court.

Rule 12(b)(3) of the Federal Rules of Criminal Procedure requires motions to suppress evidence be made before trial. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997). Failure to make a motion to suppress before trial constitutes waiver unless the trial court grants relief from the waiver under Rule 12(e) for cause shown. Fed. R. Crim. P. 12(e); United States v. Ricco, 52 F.3d 58, 62 (4th Cir. 1995). Short therefore must show cause for his failure to file a pretrial motion to suppress. Because Short

failed to raise the issue of Fifth and Sixth Amendment violations due to the admission of Short's statements made to fellow inmates at Dillon, and he does not allege cause for his failure to do so, we conclude he has waived his right to raise the issue.

Short also argues that the district court erred in admitting the testimony of fellow inmate Kevin Youngfellow, who testified that Short told him he might plead guilty if the Government "would offer him a good plea." Short objected at trial to the admissibility of this statement on the ground that it was a "plea negotiation[] prior to trial," in violation of Rule 410 of the Federal Rules of Evidence.

We review rulings on admissibility of evidence for abuse of discretion. See United States v. Fulks, 454 F.3d 410, 435 (4th Cir. 2006). Rule 410 makes inadmissible, inter alia, "any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure" or "any statement made in the course of plea discussions with an attorney for the prosecuting authority." Fed. R. Evid. 410. A statement made to a fellow inmate about one's plan to plead guilty does not fall into either of these categories. Accordingly, we conclude that the district court did not abuse its discretion in admitting Youngfellow's testimony.

Next, Short argues that the district court erred in applying the enhancement for the possession of a firearm related to the

count of conviction under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2004) because it found that § 2D1.1(b)(1) did not require a formal finding on nexus between the possessed firearm and the count of conviction. The district court stated that § 2D1.1(b)(1) did not require a formal nexus finding, but rather that one may be implicit in application of the enhancement.

An enhancement under USSG § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Under the Guidelines, a defendant receives a two-level increase to his base offense level under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense. This "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), comment. (n.3). "Under relevant conduct principles, the enhancement applies when the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." McAllister, 272 F.3d at 233-34 (internal quotation marks and citation omitted).

The Government adequately proved the weapon was possessed in connection with drug activity. The evidence at trial showed that Short repeatedly possessed firearms during the charged drug conspiracy. He traded drugs for firearms, stored firearms, including an AK-47 rifle, at his house where he sold cocaine, and

assaulted Timothy Backmon, a crack addict Short thought had broken into his home, by hitting him in the face with a pistol. Standing alone, the pistol whipping was sufficient to establish possession of the firearm related to the offense. See United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) ("precisely concurrent acts," such as handling a firearm while storing drugs is not needed).

Although the district court did not find it necessary to make a specific finding on nexus, it found that it was not unreasonable to believe that Short's firearms were connected to the drug conspiracy. The court stated that Short's pistol whipping of Backmon "arose out of" Short's drug dealing. Therefore, the court made sufficient findings to support the enhancement, and did not err in its interpretation or application of § 2D1.1(b)(1).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED