**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-5108**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

RICKY JAMES LYALL,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:05-cr-00238)

_____

Submitted:  June 17, 2008          Decided:  July 21, 2008

_____

Before NIEMEYER, MICHAEL, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Harold M. Vaught, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricky James Lyall was convicted by a jury of two counts of conspiracy to possess with intent to distribute a quantity of cocaine and a quantity of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (2000); one count of possessing with intent to distribute a quantity of cocaine and a quantity of methamphetamine, and aiding and abetting in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2000); and four counts of possessing with intent to distribute a quantity of cocaine, and aiding and abetting in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (2000). The conduct for which Lyall was convicted occurred while he was employed as a sheriff's deputy and narcotics detective. The district court sentenced Lyall to concurrent terms of 121 months' imprisonment for each count. Lyall appeals his conviction and sentence. For the following reasons, we affirm.

Lyall first challenges the sufficiency of the evidence supporting his conspiracy convictions. Lyall alleges that his co-conspirators thought they were acting as government agents, and therefore, there was no common criminal plan. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the

prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). A verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

"To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001); see also Burgos, 94 F.3d at 857. A defendant may be convicted of conspiracy without knowing all the conspiracy's details, as long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. Burgos, 94 F.3d at 858. "The existence of a tacit or mutual understanding between conspirators is sufficient evidence of a conspiratorial agreement." United States v. Cardwell, 433 F.3d 378, 390 (4th Cir.

2005) (internal quotation marks and citation omitted); see Burgos, 94 F.3d at 857 ("By its very nature, a conspiracy is clandestine and covert, thereby frequently resulting in little direct evidence of such an agreement.")

While a person cannot be convicted of conspiring with a government agent, see United States v. Lewis, 53 F.3d 29, 33 (4th Cir. 1995), the co-conspirators in the present case were not in fact acting as government agents. Accordingly, Lyall's argument is without merit. After reviewing the evidence adduced at trial, we conclude that when the evidence is construed in the light most favorable to the Government, it is sufficient to support the jury's verdict. Accordingly, we affirm Lyall's conspiracy convictions.

Lyall next claims that the district court violated his Sixth Amendment rights by enhancing his sentence based on findings made by the court, rather than a jury. Lyall's claim is foreclosed by United States v. Booker, 543 U.S. 220 (2005), and its progeny. After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). See Gall v. United States, 128 S. Ct. 586, 596 (2007). We will review the sentence under an abuse-of-discretion standard

regardless of whether the sentence imposed is inside or outside of the guidelines range.  Id. at 597.

Under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute.  See United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion") (internal quotation marks omitted). Accordingly, Lyall's Sixth Amendment argument fails.

Finally, Lyall challenges the factual basis of the firearm enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1)(2005).  An enhancement under USSG § 2D1.1(b)(1) is reviewed for clear error.  United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001).  Under the guidelines, a defendant receives a two-level increase to his base offense level under USSG § 2D1.1(b)(1) if a dangerous weapon was possessed during the offense.  This "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  USSG § 2D1.1(b)(1), cmt. n.3.  "Under relevant conduct principles, the enhancement applies when the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the

- 5 -

offense of conviction." McAllister, 272 F.3d at 233-34 (internal quotation marks and citation omitted).

Here, the evidence in the record demonstrated that Lyall had his service revolver with him during at least one occasion when he provided cocaine to a co-conspirator. Thus, the district court did not clearly err in enhancing Lyall's offense level for possession of a weapon. See McAllister, 272 F.3d at 234 ("In order to prove that a weapon was present, the Government need show only that the weapon was possessed during the relevant illegal drug activity.")

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED