**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5066**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

SHAWN KEARNS,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Bluefield. Irene C. Berger,
District Judge. (1:10-cr-00014-1)

Submitted: May 11, 2011           Decided: May 20, 2011

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, George H. Lancaster, Jr., Assistant Federal
Public Defender, Charleston, West Virginia, for Appellant.
R. Booth Goodwin II, United States Attorney, Miller Bushong,
Assistant United States Attorney, Beckley, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Kearns pled guilty to distributing hydromorphone (dilaudid) in violation of 21 U.S.C.A. § 841(a), (b)(1)(C) (West 1999 & Supp. 2010), and was sentenced to a term of thirty-eight months' imprisonment. Kearns appeals his sentence, contending that the district court clearly erred in applying a two-level increase for possession of a dangerous weapon during the offense. U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2009). We affirm.

In October 2009, Kearns sold dilaudid to a confidential informant on three occasions. The first two sales occurred at his apartment. After the last sale, a search warrant was executed at his apartment. The investigators seized $1119 in cash, of which $100 was marked currency used in one of the controlled drug buys, and two loaded handguns, one found under the living room sofa and the other under the pillow in the master bedroom. They also found a small amount of marijuana and three small marijuana plants. Kearns cooperated immediately. He told the investigators that he had the firearms solely for protection because of a break-in at his girlfriend's apartment. At sentencing, the district court accepted Kearns' assertion that the marijuana was for his personal use, rather than for sale, but found that it was not clearly improbable that the

2

firearms were connected with his drug sales, two of which were conducted in the apartment.

A two-level increase is authorized under § 2D1.1(b)(1) if the defendant possessed a dangerous weapon during the offense. Application Note 3 to § 2D1.1 explains that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." The district court's factual finding that Kearns possessed a dangerous weapon during the offense is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). The government "need only show that the weapon was present during the relevant illegal drug activity." Id. Based on the evidence presented, the district court did not clearly err in finding that the enhancement applied. To the extent that Kearns seeks to bolster his claim of error by reference to District of Columbia v. Heller, 554 U.S. 570 (2008) (Second Amendment confers individual right to keep and bear arms), and United States v. Norris, 277 F.Supp. 2d 189 (E.D.N.Y. 2003) (finding weapon enhancement inapplicable), we conclude that neither decision is helpful to him.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED