**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4900**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

JESUS GUTIERREZ CAMPOS, a/k/a Juan Campos, a/k/a Pelon,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.   Anthony John Trenga, District Judge. (1:09-cr-00496-AJT-2)

———————

Submitted:  June 16, 2011                Decided:  June 20, 2011

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Lindsay A. Kelly, Daniel J. Grooms, III, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Gutierrez Campos pled guilty to conspiracy to distribute cocaine and was sentenced to 121 months' imprisonment. He appeals, arguing that the district court erred by applying the two-level enhancement for possession of a firearm in relation to a drug trafficking offense. He also contends that his attorney provided ineffective assistance by failing to argue for a below-Guidelines sentence based on his immigration status and a consideration of the sentencing factors. Finding no error, we affirm.

The two-level firearm enhancement applies, "unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) cmt. n.3 (2009). A firearm was recovered from the bedroom of Campos' residence. He admitted that the firearm was his. Although no drugs were found at the residence, Campos had been seen returning directly from drug transactions to the residence. Based on the quantities of cocaine that Campos was selling, he apparently stored tens of thousands of dollars in drug proceeds at the residence. The district court did not clearly err in determining that it was not "clearly improbable" that the firearm was available to protect Campos and the money from theft and the risk of violence inherent in drug dealing. See United States v. Manigan, 592 F.3d 621, 629 (4th Cir. 2010) (upholding

2

enhancement "so long as a firearm's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business") (internal quotations marks omitted); United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001) (providing standard).

Campos also contends that his attorney was ineffective for failing to argue for a sentence below the advisory Guidelines range. Ineffective assistance of counsel claims are not cognizable on direct appeal unless the record conclusively establishes counsel's constitutionally inadequate performance. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Because the record does not conclusively demonstrate that Campos' counsel was ineffective, we decline to consider this claim on direct appeal.

Accordingly, we affirm Campos' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3